STATEMENT OF CLAIM

FILED

JAMES J. VILT, JR. - CLERK  3:25CV-262-DJH

MAY - 6 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## 1. Jacques Webster (Travis Scott)

**Claim:** Defendant Jacques Webster, known publicly as Travis Scott, has engaged in the unauthorized appropriation of the claimant's intellectual property, including musical ideas, branding, and likeness. Webster's use of these elements has been central to his public persona and commercial success. As a direct result of these actions, the claimant has suffered emotional distress, lost opportunities, and financial harm. The claimant requests an **accounting of profits** to determine the exact financial gain made by Webster from these infringements.

## 2. Clifford Harris Jr.

**Claim:** Defendant Clifford Harris Jr., known as T.I., has been involved in the production, distribution, and promotion of music and entertainment that relies on the claimant's intellectual property without permission. As a major player in the industry, Harris has profited from the exploitation of the claimant's likeness, musical ideas, and other proprietary content. The claimant requests an **accounting of profits** to ascertain the financial benefits received by Harris from the unauthorized use of the claimant's works.

## 3. Grand Hustle Records

**Claim:** Defendant Grand Hustle Records, a company co-founded by Clifford Harris Jr., has collaborated with Travis Scott and others to exploit the claimant's musical ideas, branding, and likeness. The label has profited from the unauthorized use of the claimant's intellectual property in various forms, including music releases, endorsements, and merchandise. The claimant requests an **accounting of profits** generated by Grand Hustle Records through these infringements.

## 4. Sony Music Publishing LLC

**Claim:** Sony Music Publishing LLC has knowingly entered into contracts with Travis Scott and associated parties to distribute and exploit music, using intellectual property that belongs to the claimant. This includes profits from the claimant's likeness and branding, which have been commercialized without compensation or consent from the claimant. The claimant requests an **accounting of profits** to identify the financial gain made by Sony Music Publishing from these unauthorized uses.

## 5. Nike, Inc.

**Claim:** Defendant Nike, Inc. has profited from the unauthorized use of the claimant's name, branding, and likeness through the sale of merchandise, footwear, and apparel linked to Travis Scott's brand. The claimant's intellectual property has been exploited as part of the endorsement deals and product lines, resulting in significant revenue for Nike without

compensation to the claimant. The claimant requests an **accounting of profits** from the sales of these products and other related ventures.

## 6. Sony Interactive Entertainment LLC

**Claim:** Sony Interactive Entertainment LLC has facilitated the use of the claimant's intellectual property in video game products that feature Travis Scott's music, branding, and likeness. The exploitation of the claimant's identity in this manner has resulted in substantial profits for Sony, while the claimant has not been compensated for the use of their creative work. The claimant requests an **accounting of profits** to determine the total financial gain received by Sony Interactive from the unauthorized use.

## 7. McDonald's Corporation

**Claim:** Defendant McDonald's Corporation entered into a high-profile endorsement deal with Travis Scott, utilizing the claimant's name, brand, and likeness in the creation of promotional campaigns. This partnership led to the sale of merchandise and the generation of significant revenue, none of which was shared with the claimant for the use of their intellectual property. The claimant requests an **accounting of profits** generated by McDonald's from this endorsement deal.

## 8. Take-Two Interactive Software, Inc.

**Claim:** Take-Two Interactive Software, Inc., through its subsidiary Rockstar Games, has used the claimant's music, branding, and likeness in video games and related media. The exploitation of the claimant's intellectual property within this context has led to large profits for Take-Two, without any compensation or authorization from the claimant. The claimant requests an **accounting of profits** from the sale of these video games and related media products.

## 9. Sherry Lansing

**Claim:** Defendant Sherry Lansing, as a key industry figure and executive, has facilitated the exploitation of the claimant's likeness and intellectual property in various commercial projects, including film and television. Lansing has knowingly participated in projects that use the claimant's creative works without the proper consent or compensation. The claimant requests an **accounting of profits** to ascertain any financial gain Lansing or the companies she represents have received from this exploitation.

## 10. Universal Music Group

**Claim:** Universal Music Group, as a major music label and publisher, has actively profited from the exploitation of the claimant's music, branding, and likeness, particularly through distribution deals that involved Travis Scott. These deals have led to substantial revenue, none of which has

been paid to the claimant. The claimant requests an **accounting of profits** generated by Universal from the use of their intellectual property.

## 11. Monte Lipman

**Claim:** Monte Lipman, as a key executive at Universal Music Group, has overseen the exploitation of the claimant's intellectual property, including music, branding, and likeness, for commercial gain. Under Lipman's leadership, the company has benefited from these unauthorized uses without compensating the claimant. The claimant requests an **accounting of profits** to determine how much Lipman and Universal Music Group have profited from this exploitation.

## 12. Avery Lipman

**Claim:** Avery Lipman, as a partner in Universal Music Group, has been involved in the decision-making processes that allowed for the unauthorized use of the claimant's intellectual property. This includes the use of the claimant's music, branding, and likeness in promotional efforts that have led to financial gain for the corporation without compensation to the claimant. The claimant requests an **accounting of profits** for any income generated from these activities.

## 13. Republic Records

**Claim:** Republic Records has directly participated in the exploitation of the claimant's intellectual property through the commercial distribution of music and related media. This includes using the claimant's likeness and branding in promotional efforts that have enriched the label while failing to provide any financial compensation to the claimant. The claimant requests an **accounting of profits** from Republic Records' use of the claimant's works.

## 14. Rob Stringer

**Claim:** Rob Stringer, as CEO of Sony Music Entertainment, has overseen and authorized the exploitation of the claimant's music, name, and likeness through various channels, including distribution partnerships and music publishing. The corporation has profited immensely from these deals, including large-scale music and merchandise sales, without providing compensation or consent to the claimant. The claimant requests an **accounting of profits** to determine the revenue generated by Sony Music Entertainment from these activities.

## 15. Sony Music Entertainment

**Claim:** Sony Music Entertainment has been directly involved in the exploitation of the claimant's intellectual property, including the use of music and branding associated with Travis Scott. Sony has benefited from these deals, including large-scale music and merchandise sales, without compensating the claimant for the unauthorized use of their likeness and music. The claimant requests an **accounting of profits** for all related ventures.

### 16. Epic Records

**Claim:** Epic Records, as a subsidiary of Sony Music Entertainment, has facilitated the exploitation of the claimant's intellectual property by distributing music and related media without authorization. The label has profited from the claimant's likeness, branding, and ideas in multiple commercial ventures. The claimant requests an **accounting of profits** from Epic Records' use of the claimant's intellectual property.

### 17. Lou Taylor

**Claim:** Lou Taylor, as a prominent figure in the management of artists, has been complicit in the exploitation of the claimant's intellectual property, including facilitating deals that capitalize on the claimant's brand and likeness. Taylor's involvement has led to financial gain for others, with no compensation directed to the claimant. The claimant requests an **accounting of profits** from any financial gains Taylor or her associates have made from the use of the claimant's works.

### 18. TriStar Sports and Entertainment Group, Inc.

**Claim:** TriStar Sports and Entertainment Group, Inc., as an entertainment agency, has facilitated the unauthorized use of the claimant's likeness and intellectual property in endorsement deals and partnerships that have generated substantial profits without the claimant's consent or compensation. The claimant requests an **accounting of profits** from the agreements TriStar facilitated.

### 19. Jason Geter

**Claim:** Jason Geter, as a business partner of Travis Scott, has played a direct role in the creation and execution of endorsement deals that involve the exploitation of the claimant's intellectual property. Geter has benefitted financially from these activities, while the claimant has not been compensated for the unauthorized use of their likeness and music. The claimant requests an **accounting of profits** generated by these endorsement deals.

### 20. Elliot Hill

**Claim:** Elliot Hill, as a key business figure associated with Travis Scott, has overseen and facilitated the exploitation of the claimant's intellectual property. Hill's actions have led to financial gain for those involved while the claimant has suffered financial loss and emotional distress as a result of these unauthorized uses. The claimant requests an **accounting of profits** to identify any financial gains Hill or his associates have made from these actions.

### 21. Philip Knight

**Claim:** Philip Knight, as the co-founder and former CEO of Nike, Inc., has been complicit in the commercialization of the claimant's intellectual property through Nike's endorsement deal with

Travis Scott. The collaboration has resulted in profits for Nike while failing to acknowledge or compensate the claimant for the use of their likeness and music. The claimant requests an **accounting of profits** generated by Nike's exploitation of the claimant's intellectual property.

## 22. John Hoke III

**Claim:** John Hoke III, as the Chief Design Officer at Nike, has been involved in the development and design of products that incorporated the claimant's intellectual property, particularly through the collaboration between Travis Scott and Nike. These products, including footwear and apparel, have generated significant revenue, which was derived from the unauthorized use of the claimant's likeness, brand, and music. The claimant requests an **accounting of profits** to determine how much financial gain Nike, under Hoke's direction, has achieved from the exploitation of the claimant's intellectual property.

## 23. Lucian Grainge

**Claim:** Lucian Grainge, as the Chairman and CEO of Universal Music Group, has overseen the unauthorized exploitation of the claimant's intellectual property within the music industry. Under Grainge's leadership, Universal Music Group has profited from the claimant's likeness and branding, particularly through deals involving Travis Scott's music and related media. The claimant requests an **accounting of profits** generated by Universal Music Group through the use of the claimant's intellectual property.

## 24. Michael Dean

**Claim:** Michael Dean, as an associate of Travis Scott and an influential figure within his network, has been involved in facilitating and profiting from the use of the claimant's intellectual property. Dean's role in the business and promotional decisions that led to the commercialization of the claimant's brand and likeness has resulted in substantial revenue for the involved parties, without any compensation to the claimant. The claimant requests an **accounting of profits** from the commercial ventures that used the claimant's intellectual property under Dean's influence.

## 25. Tencent Holdings Ltd.

**Claim:** Tencent Holdings Ltd., a significant stakeholder in Epic Games, has directly profited from the unauthorized use of the claimant's intellectual property through their stake in Epic Games and Fortnite. The claimant's music, likeness, and branding were incorporated into these platforms, resulting in significant revenue for Tencent. The claimant requests an **accounting of profits** derived from Tencent's involvement in these projects.

## 26. Pony Ma

**Claim:** Pony Ma, as the CEO of Tencent Holdings, has been instrumental in the exploitation of the claimant's intellectual property through the financial support and oversight of Epic Games, which used the claimant's music and likeness. Tencent's profits from this exploitation have been substantial, with no compensation directed toward the claimant. The claimant requests an **accounting of profits** to determine the extent of financial gain made by Tencent under Ma's leadership.

## 27. Martin Lau

**Claim:** Martin Lau, as the president of Tencent Holdings, has overseen the commercial decisions that have led to the use of the claimant's intellectual property in the Fortnite platform and other associated projects. These decisions resulted in profits for Tencent while the claimant has suffered financial harm due to the lack of compensation for their intellectual property. The claimant requests an **accounting of profits** from Tencent's exploitation of the claimant's works.

## 28. Epic Games, Inc.

**Claim:** Epic Games, Inc., the developer behind Fortnite, has used the claimant's likeness and music as part of promotional campaigns and in-game content. This includes the creation of in-game skins and concerts featuring the claimant's music. Epic Games has profited significantly from the use of the claimant's intellectual property without providing the claimant with any compensation. The claimant requests an **accounting of profits** to determine the financial revenue generated by Epic Games from these activities.

## 29. Mark Lein

**Claim:** Mark Lein, as a key executive at Epic Games, has overseen the use of the claimant's intellectual property in the development of Fortnite, which prominently featured the claimant's music and branding. Epic Games, under Lein's direction, has profited from this exploitation while the claimant has not received proper compensation. The claimant requests an **accounting of profits** generated by Epic Games from the unauthorized use of the claimant's works.

## 30. Charlie Wen

**Claim:** Charlie Wen, as a senior creative figure at Epic Games, has been involved in the design and integration of the claimant's likeness and music into the Fortnite platform. These efforts have resulted in significant profits for Epic Games, none of which were directed to the claimant. The claimant requests an **accounting of profits** from the use of their intellectual property within Epic Games' projects.

## 31. Tim Sweeney

**Claim:** Tim Sweeney, as the CEO and founder of Epic Games, has made critical business decisions that led to the exploitation of the claimant's intellectual property. Through the use of

the claimant's likeness, music, and branding in Fortnite, Epic Games has earned significant revenue. The claimant requests an **accounting of profits** from the company's use of the claimant's intellectual property under Sweeney's leadership.

## 32. Visual Concepts Entertainment

**Claim:** Visual Concepts Entertainment, as a subsidiary of Take-Two Interactive, has used the claimant's intellectual property in the creation and promotion of video games, particularly in relation to Travis Scott's branding. The company has profited from these uses without compensating the claimant. The claimant requests an **accounting of profits** from the use of the claimant's intellectual property in the games developed by Visual Concepts.

## 33. Greg Thomas

**Claim:** Greg Thomas, as a key executive at Visual Concepts, has facilitated the incorporation of the claimant's intellectual property into video games and related media. These ventures have generated substantial profits for the company, while the claimant has received no compensation for the unauthorized use of their likeness, music, and branding. The claimant requests an **accounting of profits** from the revenue generated by Visual Concepts.

## 34. 2K

**Claim:** 2K, the parent company of Visual Concepts, has also benefited from the unauthorized use of the claimant's intellectual property in the video game sector. By incorporating the claimant's music and likeness into commercially successful video games, 2K has profited immensely. The claimant requests an **accounting of profits** from the use of their intellectual property in these games.

## 35. Phil Dixon

**Claim:** Phil Dixon, as a key industry executive and music publisher, has profited from the exploitation of the claimant's music and branding without the claimant's consent. Dixon's involvement in the commercialization of the claimant's works has contributed to significant financial gains for his business, while the claimant has been excluded from compensation. The claimant requests an **accounting of profits** from these transactions.

## 36. Papa George Music

**Claim:** Papa George Music, as a music publisher, has facilitated the unauthorized use of the claimant's music in various commercial projects. These uses have led to financial gain for Papa George Music, with no compensation paid to the claimant for the exploitation of their creative works. The claimant requests an **accounting of profits** to identify the revenue generated from these actions.

### 37. Sony/ATV Music Publishing

**Claim:** Sony/ATV Music Publishing has acted as a publisher for music works that include the claimant's intellectual property. Despite the claimant's lack of consent, Sony/ATV has profited from the use of the claimant's music in commercial ventures. The claimant requests an **accounting of profits** from the music and licensing deals that involved the claimant's works.

### 38. Arnold Martinez

**Claim:** Arnold Martinez, as a key figure in music publishing, has been involved in deals that have utilized the claimant's intellectual property. These deals have resulted in financial gain for the parties involved, while the claimant has not received compensation for the use of their works. The claimant requests an **accounting of profits** from these transactions.

### 39. Warner Music Group

**Claim:** Warner Music Group has been involved in the commercial exploitation of the claimant's intellectual property, including music and branding. The company has profited from the unauthorized use of the claimant's works in a variety of media, but the claimant has not received proper compensation. The claimant requests an **accounting of profits** from Warner Music Group's use of the claimant's works.

### 40. Pulse Songs

**Claim:** Pulse Songs has profited from the use of the claimant's music without the claimant's consent. The music published under Pulse Songs has contributed to the commercial success of various projects, but the claimant has not received compensation. The claimant requests an **accounting of profits** from Pulse Songs' commercial use of the claimant's intellectual property.

### 41. Pulse Publishing Administration LLC

**Claim:** Pulse Publishing Administration LLC has facilitated the unauthorized use of the claimant's music in numerous commercial ventures. These ventures have resulted in profits for Pulse Publishing without compensating the claimant. The claimant requests an **accounting of profits** from Pulse Publishing's activities.

### 42. Pulse Music Group

**Claim:** Pulse Music Group has directly profited from the exploitation of the claimant's music and branding. Despite generating significant revenue from these activities, the claimant has not received any compensation for the use of their intellectual property. The claimant requests an **accounting of profits** from Pulse Music Group's use of the claimant's works.

### 43. Cactus Jack Records

**Claim:** Cactus Jack Records, the label co-founded by Travis Scott, has used the claimant's intellectual property in various music, branding, and promotional projects. The label has profited from the claimant's likeness and music, but the claimant has not been compensated for these uses. The claimant requests an **accounting of profits** from Cactus Jack Records' commercial ventures.

## 44. Atlantic Records

**Claim:** Atlantic Records has profited from the distribution and commercialization of the claimant's music, branding, and likeness, particularly through deals involving Travis Scott. The claimant requests an **accounting of profits** from

**Statement of Coercion and Extortion:**

I, Amschel de Rothschild II, hereby declare that I was coerced, raped, trafficked, and forcibly manipulated into creating music under the direction and control of Clifford Harris Jr. (known publicly as T.I.) Eugene Henley (known publicly as Big U) George Papanicola (known publicly as Papa George) Anthony Tiffith (known publicly as Top Dawg) over a prolonged period, I was subjected to various forms of extortion, manipulation, and pressure, which included threats and intimidation, ultimately forcing me to participate in music creation and other related activities against my will. My involvement was not voluntary, and I was unlawfully exploited by Mr. Harris for financial and personal gain. The actions of Clifford Harris Jr. caused me significant emotional distress, and I seek justice for the harm and suffering endured during this time.

## Request for Relief:

The claimant requests the court to:

1. **Order a Voluntary/Involuntary Transfer of Copyrights**: The claimant seeks the voluntary transfer of all copyrights related to the intellectual property in question, due to the unauthorized and unlawful exploitation of these works.

2. **Compensation for Damages**: The claimant seeks full compensation for the emotional distress, mental health suffering (including PTSD and depression), and lost wages resulting from the unauthorized use of their intellectual property.

3. **Accounting of Profits**: The claimant requests an **accounting of profits** from all defendants named in this claim, to determine the full extent of the financial gains made from the unauthorized use of the claimant's intellectual property, including revenue from merchandise, performances, real estate ventures, investments, trusts, vehicles, partnerships, purchases, endorsements, music, and other commercial ventures.

4. **Recovery of Lost Wages:** The claimant seeks the recovery of all wages lost due to the failure of defendants to compensate them for the use of their intellectual property, including lost income from music, merchandise, endorsements, and other commercial ventures tied to their likeness and creative works.